UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL STRAIT                                                        PETITIONER

v.                                           CIVIL ACTION NO. 3:12CV-P825-S

GREG HOWARD                                                          RESPONDENT

MEMORANDUM OPINION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the

district court for the Eastern District of Kentucky.  That court found that a prisoner such as

Petitioner seeking a writ of habeas corpus under § 2241 challenging the execution or manner in

which he is to serve his sentence must file the petition in the court having jurisdiction over his

custodian.  Because Petitioner is incarcerated in Oldham County, which lies in the Western

District of Kentucky, the petition was transferred to this Court.

Petitioner is in the custody of the Commonwealth of Kentucky, but his petition concerns

a detainer placed on him by the Pennsylvania Department of Probation and Parole because of a

state parole violation.  He alleges that this detainer is illegal because he was not on parole and

therefore had not violated conditions of his parole.  He states that he did not exhaust

administrative grievance procedures surrounding the parole matter because, according to him,

there is no administrative remedy available to him.

"[A] federal district court in the state or district of confinement may entertain by habeas

corpus a prisoner's challenge to the adverse effects on the conditions of his confinement

resulting from the filing of a foreign detainer."  *Norris v. Georgia*, 522 F.2d 1006, 1010 (4th Cir.

1975) (citing *Nelson v. George*, 399 U.S. 224 (1970)).  Here, however, Petitioner's claim does

not involve the effect that the detainer is having on his current confinement; rather his

allegations concern the legality of the detainer itself.  As such, this claim must be pursued within the Pennsylvania state courts or through the proper Pennsylvania administrative channels.  *See Farris v. Pearson*, No. 5:09-cv-100-DCB-MTP, 2009 WL 5206483, at *1 (S.D. Miss. Dec. 23, 2009) (finding that where a claim concerned legality of detainer and not its effect on Petitioner's custody the claim must be pursued administratively and through the state courts).

Moreover, even were Petitioner to pursue relief in federal court, "[w]here the petitioner challenges the validity of another jurisdiction's detainer, rather than its impact on his present confinement, the proper vehicle for such a claim is 28 U.S.C. § 2254."  *Jones v. Deboo*, No. 1:11CV142, 2012 WL 2396367, at *2 (N.D. W.Va. June 25, 2012).  A § 2254 petition challenging a state's detainer must be filed in the district court for the district in which the detainer originated.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 499-500 (1973).  Additionally, the district court which governs the Pennsylvania Department of Probation and Parole is the proper forum since the material events took place there, the records and witnesses are likely to be located there, and "it would be easier and less costly for the State of [Pennsylvania] to litigate Petitioner's claims in that state."  *Weatherford v. Gluch*, 708 F. Supp. 818, 820 (E.D. Mich. 1988).

Finally, it appears that the petition also must be dismissed for failure to exhaust state remedies.  It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies.  *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam).  Any alleged constitutional deprivations must be asserted through the state appellate process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "Because the exhaustion doctrine is designed to give the state courts a full

and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*

The Court notes that Petitioner stated in his petition that there was no administrative remedy to attack his parole violation detainer lodged by the Pennsylvania Department of Probation and Parole.  However, attached to his petition as an exhibit is a Notice of Board Decision from the Commonwealth of Pennsylvania Board of Probation and Parole in which Petitioner was informed that, should he wish to appeal, he could file a request for administrative relief within 30 days.  *See also Fletcher v. Penn. Bd. of Probation and Parole*, No. 07-2649, 2008 WL 408405, at *3 (E.D. Pa. Feb. 12, 2008) (detailing a habeas petitioner's ability to appeal a decision of the Pennsylvania Board of Probation and Parole to the Pennsylvania Commonwealth Court).

## CERTIFICATE OF APPEALABILITY

Before this Court's decision may be appealed, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack*, 529 U.S. at 484.

When a plain procedural bar is present and the Court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the Court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Slack*, 529 U.S. at 584.  In such a case, no appeal is warranted.  *Id.*  The Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

For the reasons set forth above, the Court will deny the petition and dismiss this action. The Court will enter an Order consistent with this Memorandum Opinion.

Date:  January 7, 2013

**Charles R. Simpson III, Judge**
**United States District Court**

cc:      Petitioner, *pro se*
         Respondent
4411.009